IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:11-CV-00670-K (BF) |
| § | | |
| LATRISA WYATT, SIMEON ANDRIS AND/ § OR ALL OTHER OCCUPANTS OF § 8416 Ridge Creek Drive § Dallas, Texas, § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The Motion to Remand Proceedings ("Motion," doc. 4) filed by Federal Home Loan Mortgage Corporation ("Plaintiff") is before the Court for recommendation. No response was filed and mail to Larisa Wyatt ("Defendant") has been returned as undeliverable. The Court has considered the Motion and makes the following findings, conclusions, and recommendation:

**Undisputed Facts**

Plaintiff is the Federal Home Loan Mortgage Corporation. Defendant is Latrisa Wyatt. Other defendants are Simeon Andris and/or all occupants of 8416 Ridge Creek Drive, Dallas, Texas (the "property"). Plaintiff acquired the property at a foreclosure sale on October 5, 2010. The property was subject to a Deed of Trust dated October 2, 2006, naming Mortgage Electronic Registration Systems, Inc., as nominee for Plaza Home Mortgage, Inc., its successors and assigns as the original Mortgagee. The Deed of Trust provides that upon the occurrence of a non-judicial foreclosure sale, Defendant or any person holding possession of the property through Defendant shall surrender the property to the purchaser at such sale or be deemed a tenant at sufferance. In accordance with Section 24.005 of the Texas Property Code, written demand was made upon Defendant on January 19, 2011, to vacate the property. Defendant's refusal to vacate the property

is an act of forcible detainer under Section 24.002 of the Texas Property Code. When Defendant refused to vacate the property, Plaintiff filed an Original Petition for Forcible Detainer, giving rise to the following events.

## Procedural History

Plaintiff filed its Original Petitioner for Forcible Detainer in the Justice Court of Precinct 1 Place 1 of Dallas County, Texas under cause number JE11-00172k. Defendant was served with citation on January 28, 2011. Plaintiff received a judgment of possession on February 8, 2011. Defendant appealed to the county court at Law Number 2 of Dallas County, Texas under case number cc-11-01700. The case was set for trial before the court on April 6, 2011. Defendant filed the Notice of Removal on April 1, 2011.

## Findings and Conclusions

### Lack of Jurisdiction

The pertinent terms of 1441(b) provide that any civil action of which the district courts have original jurisdiction shall be removable without regard to the citizenship or residence of the parties. However, any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought. Defendant resides in Dallas County and is a citizen of Texas. This rules out jurisdiction based upon diversity of citizenship.

Whether federal question jurisdiction exists over a case removed from state to federal court must be determined by reference to the "well pleaded complaint." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The complaint must raise issues of federal law sufficient to support federal question jurisdiction. *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d

1014, 1017 (5th Cir. 1993). Forcible detainer actions are governed by the Texas Property Code and are purely questions of state law under the Texas Property Code. *See* TEX. PROP. CODE. ANN § 24.001, et seq. No party in this case has presented in its pleadings a federal question which would give rise to the original jurisdiction of this Court pursuant to 28 U.S.C. §1441(b). Because this Court lacks jurisdiction, the case should be remanded to the Dallas County court.

### Untimely Removal

The pertinent terms of 28 U.S.C. § 1446(b) provide that the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant of a copy of the initial pleading or within thirty days after the service of summons, whichever period is shorter. Defendants were served with citation on January 28, 2011. The original notice of removal was filed with the Dallas County court on April 1, 2011. Accordingly, the Notice of Removal filed by Defendant was not timely pursuant to the 30 day requirement set forth in 28 U.S.C. §1446(b). For this additional reason, the case should be remanded to state court.

### Recommendation

This Court recommends that the District Court grant the Motion in its entirety and remand this case to the Dallas County Court at Law Number Two of Dallas County, Texas for further proceedings.

SIGNED, this 29th day of April, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).